**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.E.-1 and Z.E.**

**No. 21-0531** (Gilmer County 20-JA-16 and 20-JA-17)

**MEMORANDUM DECISION**

Petitioner Mother J.E.-2, by counsel Andrew Chattin, appeals the Circuit Court of Gilmer County's June 7, 2021, order terminating her parental rights to J.E.-1 and Z.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the father. Specifically, the DHHR alleged that Child Protective Services ("CPS") workers, accompanied by law enforcement, responded to petitioner's home following a referral alleging drug abuse in the home. Initially, the adults in the home claimed that petitioner and the child J.E.-1, then twelve years old, were not in the home; however, they eventually permitted the CPS workers and law enforcement officers to search the home. The DHHR alleged that the CPS workers and officers found a room in the home that was locked with a padlock. One of the adults in the home produced a key to the padlock, and the CPS workers and officers found petitioner and J.E.-1 in the room, surrounded by drug paraphernalia and drugs. Petitioner was intoxicated and claimed that she had consumed a prescribed Xanax, but then contradicted her statement by claiming that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

her prescription had run out three months prior. The DHHR further alleged that the home was in deplorable condition and lacked sufficient food. The CPS workers claimed that trash and possessions were stacked throughout the home in piles that went up to the workers' waists and, in some parts, their shoulders. The home's roof was collapsing, there were soft spots in the flooring due to rot, and the heat sources were dangerous. There were also fifteen to twenty cats in the home, and the home smelled of urine and feces. The DHHR alleged that safety could not be maintained in the home and that petitioner had abused and neglected the children. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in December of 2020 wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent, finding that petitioner was addicted to controlled substances, which negatively affected her ability to parent the children, and that she did not provide a fit and suitable home for the children.

In May of 2021, the circuit court held a dispositional hearing. Petitioner failed to appear but was represented by counsel, who requested a continuance based upon reports that petitioner's vehicle allegedly incurred a flat tire earlier in the day. The DHHR and the guardian objected to a continuance, nothing that petitioner failed to appear at several other hearings in the matter. The circuit court denied the motion, and the matter proceeded to disposition.

The DHHR presented the testimony of Barbara Nelson, a licensed psychologist with Saar Psychological Group. Ms. Nelson opined that she performed a psychological evaluation of petitioner and "gave her an extremely poor prognosis." Ms. Nelson opined that any children in petitioner's care would be at significant risk for abuse and neglect and that she did not believe "services would benefit her at all." Regarding petitioner's responses in the evaluation, Ms. Nelson noted that petitioner "seemed to think that everything she did was acceptable. She justified her actions and the actions of [the father]. She seemed oblivious to the damage that she had done to all of her children." Finally, Ms. Nelson stated that petitioner showed no genuine concern for the children or their wellbeing.

A CPS worker testified that petitioner stopped submitting to drug screens in February of 2021, with the exception of one screen in March of 2021 which was positive for methamphetamine, amphetamine, and ethanol. The CPS worker further noted that petitioner had not visited with her children, as she never provided two consecutive negative drug screens throughout the proceedings. The CPS worker recommended that petitioner's parental rights be terminated, noting that petitioner failed to take any steps to improve her parenting, was reportedly homeless, refused to attend inpatient drug treatment, and ceased participating in parenting and adult life skills classes in March of 2021.

At the close of the hearing, the circuit court found that petitioner failed to participate in the proceedings in any meaningful way. The circuit court specifically found that petitioner had not submitted to a drug screen since March of 2021; tested positive for controlled substances when she did screen; failed to participate in services; and failed to submit two consecutive negative drug screens, preventing her from visiting with the children. As such, the circuit court terminated petitioner's parental rights to the children upon finding that there was no reasonable likelihood that

she could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. Petitioner appeals the June 7, 2021, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. Petitioner argues that the allegations raised against her were that she abused drugs and failed to provide a suitable home for the children. As such, petitioner contends that the circuit court should have granted her an improvement period to address her addiction issues through inpatient substance abuse treatment. Petitioner states that termination of parental rights is the most drastic action that could have been taken by the circuit court and that it should have considered a less-restrictive alternative, such as granting her an improvement period. According to petitioner, there was a reasonable likelihood that she could have corrected the conditions of abuse and neglect by getting help for her addiction issues and complying with any services offered.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *In re Emily*, 208 W. Va. 325, 334, 540 S.E.2d 542, 551 (2000)). Finally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

---

[2]The father's parental rights were also terminated below. Z.E. is currently placed in a residential treatment facility. J.E.-1 was placed in a foster home, and the permanency plan for the child is adoption in that home.

We find that petitioner failed to demonstrate that she was likely to fully participate in an improvement period. While petitioner contends that the circuit court should have granted her an improvement period so that she could prove that she would address the conditions of abuse and neglect, the record demonstrates that services were put in place for petitioner, but she failed to consistently participate. Specifically, the DHHR implemented drug screens and parenting and adult life skills classes, and petitioner ceased participating in both services as of February and March of 2021, respectively. Further, the last screen petitioner submitted was positive for methamphetamine. Testimony at the dispositional hearing established that petitioner failed to submit two consecutive negative screens, preventing her from visiting with the children. This Court has previously held that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996). While petitioner participated in her psychological evaluation, the results were bleak. Ms. Nelson testified that petitioner's prognosis for attaining minimally adequate parenting was extremely poor and that petitioner would likely not improve even with services. Ms. Nelson further testified that any children in petitioner's care would be at risk for abuse and neglect and that petitioner failed to accept responsibility for her actions, describing her as "oblivious to the damage that she had done to all of her children." We have previously explained that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Given the foregoing, we find no error in the circuit court's decision to deny petitioner an improvement period.

We likewise find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

As noted above, petitioner failed to consistently submit to drug screens or participate in parenting and adult life skills classes and was prohibited from visiting with the children due to her failure to submit to screens. Moreover, petitioner tested positive for drugs during the proceedings, became homeless, and absented herself from several hearings, including the dispositional hearing. We have already determined that, based upon this evidence, an improvement period was properly denied. We have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

4

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner was unable to solve the problems of abuse or neglect on her own or with the help of the DHHR and, thus, termination of her parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton